UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIDGE MANAGEMENT HOLDINGS, L.P., PINEBRIDGE INVESTMENTS, L.P., and PINEBRIDGE INVESTMENTS HOLDINGS US LLC,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　- against -<br><br>JOSHUA ZWEIG,<br><br>　　　　　　　　　Defendant. | Case No. 1:24-cv-04713-MMG<br><br>**AMENDED COMPLAINT** |

Plaintiffs Bridge Management Holdings, L.P., PineBridge Investments, L.P., and PineBridge Investments Holdings US LLC (collectively, "PineBridge"), by its attorneys, Paul Hastings LLP, as and for its Amended Complaint in this matter, alleges as follows:

## NATURE OF ACTION

1. This is an action for a breach of contract. Defendant Joshua Zweig ("Zweig") is a former executive of PineBridge who breached the non-solicitation provisions in his separation agreement and equity documents, the provisions of which explicitly entitle PineBridge to the return of the consideration PineBridge paid to Zweig pursuant to the separation agreement as well as the recovery of PineBridge's attorney's fees and costs incurred in connection with this action.

## THE PARTIES

2. PineBridge is a global asset manager with its headquarters in New York, New York.

3. Zweig was employed with PineBridge from on or about November 11, 2013 through November 6, 2022. At the time of the termination of his employment, Zweig was

PineBridge's Senior Vice President, Chief Administrative Officer – Global Client Group.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  (*See* ECF No. 1.)  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391.

## FACTS

5. In connection with Zweig's employment with PineBridge, Zweig was granted limited partnership interests in PineBridge Investments L.P. that vested in accordance with terms of a grant letter (the "Letter Agreement") and the limited partnership agreement of PineBridge Investments L.P.

6. Paragraph 6 of the Letter Agreement provides:

> [Y]ou shall not directly or indirectly, without the prior written approval of the Company:
>
> (a) During the period in which you are providing services to the Company and for 12 months thereafter, solicit for employment or engagement or hire any person (other than on behalf of and for the benefit of the Company) who is at the time of such solicitation or hiring or was within six months preceding such solicitation or hiring employed or engaged by the Company (a "Restricted Employee"); *provided*, the restrictions regarding solicitation contained in this clause (a) shall not be violated by general solicitations that are not specifically directed to employees of the Company;
>
> (b) During the period in which you are employed by the Company and for 12 months thereafter, solicit or encourage any Restricted Employee to terminate such employee's employment or such consultant's engagement with the Company or breach any restrictive covenant between the Company and such employee or consultant; *provided*, the restrictions regarding solicitation and encouragement contained in this clause (b) shall not be violated by general solicitations that are not specifically directed to employees of the Company.

7. Paragraph 6 of the Letter Agreement further provides: "If you breach any of your

obligations under this paragraph 6: (i) you shall forfeit (A) any and all severance due to you from the Company and you shall immediately repay any severance payments that have been made to you by the Company."

8. At the conclusion of Zweig's employment, PineBridge and Zweig entered into a separation agreement that Zweig executed on November 23, 2022 (the "Separation Agreement"). Under the terms of the Separation Agreement, PineBridge paid Zweig "Separation Consideration" in the amount of $213,398.70, comprised of:

(a) payment of the sum of $129,808.00;

(b) payment of $66,642.97 in equity unit repurchases; and

(c) a bonus payment in the amount of $16,948.

9. In paragraph 8 of the Separation Agreement, Zweig reaffirmed that he would comply with the non-solicitation obligations set forth in paragraph 6 the Letter Agreement: "Employee acknowledges and agrees that the non-solicitation provisions contained in paragraph 6 of the Letter Agreement shall remain in full force and effect."

10. In addition, in paragraph 4 of the Separation Agreement, the parties agreed that the consequences of Zweig's breach of paragraph 8 of the Separation Agreement would be Zweig's repayment to PineBridge of the Separation Consideration: "In order to receive the Separation Consideration, Employee must comply with all of the terms of this Agreement, including without limitation those obligations set forth in paragraphs 5 through 9 below. In the event Employee fails to abide by the terms of this Agreement the Company may permanently discontinue any remaining Separation Consideration and, to the extent that the Separation Consideration has been provided, Employee shall return such payments to the Company."

11. Paragraph 19 of the Separation Agreement and paragraph 9 of the Letter

3

Agreement provide that Zweig would be liable for the attorney's fees and costs incurred by PineBridge as a result of his breach of the Separation Agreement or Letter Agreement.

12. Zweig's 12-month non-solicitation period ran from November 6, 2022 through November 6, 2023.

13. On September 13, 2023, Zweig met with Klaus Schuster, the Chief Executive Officer of Fiera Capital — which is a global asset manager and direct competitor of PineBridge. The next day (September 14, 2023), during Zweig's non-solicitation period, Zweig sent a text message to James McCormack, an executive of PineBridge, encouraging Mr. McCormack to meet with Mr. Schuster. Mr. McCormack understood that Zweig was encouraging and soliciting him to connect with Mr. Schuster for the purpose of leaving PineBridge and working at Fiera Capital.

14. On October 11, 2023, Mr. McCormack's co-worker at PineBridge, Aurelia Sax, resigned from PineBridge to work at Fiera Capital. On October 24, 2023, Mr. McCormack's co-worker at PineBridge, Alain Meyer, resigned from PineBridge to work at Fiera Capital. On December 1, 2023, Mr. McCormack's co-worker at PineBridge, Miles Hardie, resigned from PineBridge to work at Fiera Capital. Like his encouragement and solicitation of Mr. McCormack to work at Fiera Capital, during his non-solicitation period Zweig solicited Ms. Sax, Mr. Meyer, and Mr. Hardie to meet with Mr. Schuster for the purpose of working at Fiera Capital.

## COUNT I

### (Breach of Contract)

15. PineBridge repeats the allegations of paragraphs 1 through 14 of this Amended Complaint as though fully set forth herein.

16. The Separation Agreement and Letter Agreement are contracts supported by adequate consideration.

17. PineBridge fully performed all of its obligations under the Separation Agreement and Letter Agreement.

18. Zweig's solicitation of Mr. McCormack, Ms. Sax, Mr. Meyer, and Mr. Hardie breached paragraph 8 of the Separation Agreement and paragraph 6(b) of the Letter Agreement.

19. PineBridge has suffered damages as a result of Zweig's breach of the Separation Agreement and Letter Agreement in an amount to be determined at trial. Those damages include damages to PineBridge's business in an amount to be determined at trial and the attorneys' fees and costs incurred in enforcing the terms of the Separation Agreement and Letter Agreement.

20. In accordance with the terms of paragraph 4 of the Separation Agreement, PineBridge is entitled to recover the Separation Consideration.

21. In accordance with paragraph 19 of the Separation Agreement and paragraph 9 of the Letter Agreement, PineBridge is entitled to recover its attorney's fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, PineBridge respectfully prays for judgment awarding PineBridge:

(1) the sum of $213,398.70;

(2) damages in an amount to be determined at trial;

(3) attorney's fees and costs incurred in connection with this suit;

(4) pre-judgment interest; and

(5) such other and further relief that the Court deems just and proper.

Dated:  July 8, 2024

By: _____
Marc E. Bernstein

Paul Hastings LLP
200 Park Avenue
New York, NY  10166
(212) 318-6907

*Counsel for Plaintiffs*